Exhibit A

1  Robert F. Brennan, Esq. [S.B. #132449]
   **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2  3150 Montrose Ave.
   La Crescenta, Ca. 91214
3
   [818] 249-5291
4  FAX [818] 249-4329
   Email: rbrennan@brennanlaw.com
5
   Attorney for: Plaintiff Lucio Santos
6

7

8

9                **SUPERIOR COURT OF THE STATE OF**

10              **CALIFORNIA COUNTY OF LOS ANGELES**

11

12  LUCIO SANTOS, an Individual;          ) Case No.: BC613369
                                          )
13          Plaintiff,                    )
                                          )
14          vs.                           ) **FIRST AMENDED COMPLAINT**
                                          ) **FOR DAMAGES:**
15  J.P MORGAN SECURITIES, is a           )
    business entity; J.P. MORGAN CHASE    )    1. CALIFORNIA IDENTITY
16  BANK, is a business entity, and DOES  )       THEFT LAW.
    1-10, Inclusive,                      )    2. CONVERSION;
17                                        )    3. VIOLATION OF BUSINESS &
            Defendants.                   )       PROFESSIONS CODE
18                                        )       SECTION 17200
                                          )
19                                        )
                                          )
20                                        )
                                          ) **JURY TRIAL DEMANDED.**
21                                        )
22

23
           Plaintiff alleges:
24
           1. Plaintiff LUCIO SANTOS ("Plaintiff") is a resident of County of Los
25
    Angeles, State of California.
26

27

28

_____
FIRST AMENDED COMPLAINT FOR DAMAGES

2. Defendants JP MORGAN SECURITIES ("JPMS") and JPMORGAN CHASE BANK ("CHASE") are corporations doing business in the State of California, County of Los Angeles.

3. Defendants DOES 1-10 are finance companies, individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

///
///
///
///

---

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA IDENTITY THEFT

## LAW, CIV. CODE SECTION 1798.92 et seq.,

## AGAINST JPMS/CHASE AND DOES 1-10, INCLUSIVE.

6. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

7. On or about June, 2015, Plaintiff discovered unauthorized transactions on his American Express card and his SLATE CHASE credit card. Plaintiff immediately filed a police report and contacted the credit card companies providing a copy of his police report.

8. After a thorough and immediate investigation, American Express removed the unauthorized transactions from Plaintiffs account.

9. On several occasion, by phone or by mail, Plaintiff alerted JPMS/CHASE that he lost his credit card and someone was using his credit card information to make unauthorized transactions on his Slate Chase credit card ending in #8126.

10. On or about July 4, 2015, August 12, 2015, August 17, 2015, August 26, 2015, August 28, 2015 and November 25, 2015, Defendants JPMS/CHASE advised Plaintiff that their investigation indicted that the transactions he was disputing were found to be valid and he would remain responsible for the balance on the account. The November 25, 2015 correspondence indicated future requests or correspondence regarding this matter would be filed with his account records and he would not receive a response.

11. At all pertinent times plaintiff was a "victim of identity theft," as this term is defined in Civ. Code Section 1798.92. At all pertinent times, defendants, and each of them, were and remain "claimants" under the Identity Theft Law, in that they have made a claim for money against plaintiff in the form of credit card charges to plaintiff's account, despite knowing that the charges were procured

---

1 │ through identity theft. In continuing not to investigate and return Plaintiff's

2 │ money after he had reported to them the identity theft situation and after providing

3 │ them with a police report, JPMS/CHASE and DOES 1-10, Inclusive, willfully

4 │ violated the California Identity Theft Law, Civ. Code Section 1798.92 et seq.

5 │    12. Plaintiff has suffered actual damages, including general, special,

6 │ incidental and consequential damages, and is also entitled to attorney's fees and

7 │ costs under the California Identity Theft Law. In addition, Plaintiff alleges that

8 │ defendants JPMS/CHASE and DOES 1-10, Inclusive, specifically violated Civ.

9 │ Code Section 1798.93 (c) (6), thereby entitling her to a $30,000.00 penalty, in

10 │ addition to any other damages which may be assessed.

11 │

## SECOND CAUSE OF ACTION
### [CONVERSION
### AGAINST ALL DEFENDANTS]

15 │    13. Plaintiff incorporates all preceding paragraphs as though alleged in full

16 │ in this cause of action.

17 │    14. At all times mentioned herein, Plaintiff was a customer of defendants

18 │ JPMS/CHASE and DOES 1-25, Inclusive.

19 │    15. JPMS/CHASE and DOES 1-10, Inclusive, wrongfully converted money

20 │ belonging to Plaintiff in honoring, and continuing to honor, the false and

21 │ fraudulent withdrawals and debits from his accounts, as alleged above, and in not

22 │ having reasonable safeguards in effect to prevent such wrongdoing and in refusing

23 │ to re-credit Plaintiff for the amounts wrongfully deducted from bank account.

24 │    16. As a direct and proximate result of the conversion by JPMS/CHASE and

25 │ DOES 1-10, as herein alleged, Plaintiff has suffered general and special damages

26 │ according to proof at trial.

27 │    17. Plaintiff also seeks an assessment of punitive damages against these

28 │

defendants for their reckless, wanton and willful conduct in permitting these fraudulent transactions to continue without any reasonable efforts or safeguards to detect and prevent them.  Plaintiff alleges that such conduct amounts to fraud, oppression and/or malice, in that this conduct by these defendants was despicable and was carried on with a willful and wanton disregard of the rights of Plaintiff and with a high probability that Plaintiff would be severely injured financially. Under applicable California law, Plaintiff seeks an assessment of punitive damages in addition to any other damages which may be assessed.

## THIRD CAUSE OF ACTION
### [VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200 AGAINST ALL DEFENDANTS]

18. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

19. Defendants' refusal to reimburse Plaintiff for money wrongfully taken from his account was an unfair, fraudulent and illegal business practice.  Plaintiff, as the person who suffered the loss, is a direct victim of defendants' unfair, fraudulent and illegal business practice.

20. Defendants' business practice is unfair because defendants' own lack of diligence and lack of proper security measures caused or contributed to the theft. Thereafter, defendants' internal policies regarding making claims for identity theft funds are unduly and unfairly restrictive, thereby permitting defendants to unfairly deny Plaintiff's claim for restitution of stolen funds.

21. Plaintiff seeks full restitution of all money Plaintiff lost as a consequence of the identity theft and wrongful use of his personal and account information.  Plaintiff also seeks a declaration that defendants' business practices are unfair, fraudulent and illegal, and seeks suitable injunctive relief to prevent

1   such practices in the future.  Finally, Plaintiff seeks attorney's fees in the
2   discretion of the court.

3

4        WHEREFORE, Plaintiff prays for judgment as follows:

5        1.  For general and special damages according to proof at trial;

6        2.  For statutory penalties for each separate statutory violation where
7            allowed by statute;

8        3.  For punitive damages against defendants according to proof at trial and
9   using the applicable punitive damages standards from the involved statutes;

10       4.  For attorney's fees where authorized by statute or law;

11       5.  For costs of suit;

12       6.  For such other relief as the court deems just and proper.

13

14       **PLAINTIFF DEMANDS A JURY TRIAL.**

15

16  Dated: April ___ 2016        **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

17

18                              By:_____
19                              Robert F. Brennan
                                Attorney for Plaintiff
20

21

22

23

24

25

26

27

28

_____
FIRST AMENDED COMPLAINT FOR DAMAGES